UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-9075-CAS(RZx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | KENNETH L. TATE V. KAISER FOUNDATION HOSPITALS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Gary Brown | Michael DeCoster |

**Proceedings:**   DEFENDANTS' MOTIONS IN LIMINE (Dkt. #'s 42-27, filed January 13, 2014)

A trial in this matter is scheduled to begin on February 25, 2014. The remaining defendants are Kaiser Foundation Hospitals ("Kaiser"), James Edsel Moore, M.D., Bryan Giao Ngo, M.D., Adelene Rose James, M.D., and Haroutyan Keshishian Shamamian, M.D. The remaining claims are for invasion of the right to privacy secured by Article I, Section I of the California Constitution, violation of the Lanterman-Petris-Short Act ("LPS Act"), Cal. Welf. & Inst. Code § 5100, et seq., and false imprisonment. The factual basis for this action is set forth in the Court's order granting in part and denying in part defendants' motion for summary judgment dated January 15, 2014. See dkt. #51.

Defendants filed six motions in limine on January 13, 2014. Plaintiff has not filed oppositions to any of these motions. The Court held a hearing on February 10, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

### A.   Motion in Limine to Preclude Cross Examination of Experts as to Personal Practices

Defendants move to preclude plaintiff from cross-examining defendants' expert witnesses regarding their personal standards and practices. Defendants argue that the only relevant subject matter of expert testimony in this action is the reasonable standard of care for medical treatment in the community. Additionally, defendants argue that cross-examining their experts about their personal practices would run afoul of Federal Rule of Evidence 403 by misleading the jury and causing confusion of issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-9075-CAS(RZx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | KENNETH L. TATE V. KAISER FOUNDATION HOSPITALS, ET AL. | | |

While the standard of care in the community is ordinarily the proper subject for medical expert testimony, e.g., Curtis v. Santa Clara Valley Med. Ctr., 110 Cal. App. 4th 796, 801 (2003), testimony regarding an expert's personal practices may be relevant for impeachment purposes.  See Donathan v. Orthopaedic & Sports Medicine Clinic, PLLC, 2009 WL 3584263, at *11 (E.D. Tenn. Oct. 26, 2009) ("A trier of fact could discount the testimony of an expert with personal knowledge of the standard of care if that expert regularly departs from it in his or her own practice."); Bergman v. Kelsey, 375 Ill. App. 3d 612, 634 (2007) ("[A] medical expert's personal practices may well be relevant to that expert's credibility, particularly when those practices do not entirely conform to the expert's opinion as to the standard of care.").  Accordingly, defendant's motion is DENIED without prejudice to being renewed at trial on a case by case basis.

### B. Motion in Limine to Preclude Medical Testimony from Plaintiff and Lay Witnesses

Defendants move to preclude plaintiff or other lay witnesses from testifying as to whether defendants were negligent in providing medical treatment.  The Court agrees that such testimony should be precluded because the "basic issue" in determining medical negligence is whether the treatment provided fell below the "degree of knowledge and skill ordinarily possessed and exercised by members of [the] profession in similar circumstances.  Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988).  This standard "can be proven only by expert testimony." Id.  Accordingly, defendant's motion is GRANTED.[1]

### C. Motion in Limine to Exclude Evidence of Liability Insurance

Defendants move to preclude any reference by plaintiff's counsel, or the offering of any evidence, regarding defendants' possession of liability insurance.  The Court finds that this motion should be GRANTED because evidence of liability insurance is not admissible to prove that a person acted negligently or wrongfully.  Fed. R. Evid. 411;

---

[1] However, plaintiff and other lay witnesses will not be precluded from testifying as percipient witnesses regarding medical treatment that they did or did not receive, and related matters.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-9075-CAS(RZx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | KENNETH L. TATE V. KAISER FOUNDATION HOSPITALS, ET AL. | | |

e.g., Geurin v. Winston Indus., Inc., 2001 WL 36100975, at *3 (E.D. Wash. Sept. 24, 2001).

### D. Motion in Limine to Preclude References by Counsel to California Code of Civil Procedure § 667.7 and California Civil Code § 3333.2

Defendants move to preclude reference by counsel to California Code of Civil Procedure § 667.7 (providing for periodic payments of awards of "future damages" in actions against healthcare providers when total award exceeds $50,000) and California Civil Code § 3333.2 (providing for a $250,000 cap on noneconomic damages awards in actions against healthcare provider based on professional negligence).

The amount of future damages, if any, in an action against a healthcare provider is a question for the jury. Holt v. Regents of Univ. of Cal., 73 Cal. App. 4th 871, 877 (1999) (citing Salgado v. County of Los Angeles, 19 Cal. 4th 629, 639 (1998)). It is then the court's role to "structure a periodic payment schedule based on that amount." Id. Given that the jury has no role in fashioning a periodic payment schedule, the Court finds that it is appropriate to preclude all references to Code of Civil Procedure § 667.7 because any probative value of such references is substantially outweighed by the danger of misleading the jury or confusion of issues related to damages calculation.[2]

Additionally, the trial court is charged with applying the $250,000 cap on noneconomic damages set forth in Civil Code § 3333.2. E.g., Salgado, 19 Cal. 4th at 645. Accordingly, evidence or argument related to the cap is irrelevant to the jury's task, and should be precluded. Cf. Schiernbeck v. Haight, 7 Cal. App. 4th 869, 880 (1992) ("[W]e recommend . . . that the jury not be told of the $250,000 ceiling for noneconomic damages.").

In accordance with the foregoing, this motion is hereby GRANTED.

---

[2] However, if plaintiff seeks an award of future noneconomic damages, it will likely be necessary to instruct the jury that "they are to assume that an award of future damages is a present value sum," and to provide guidance as to how to determine that sum. Salgado, 19 Cal. 4th at 647.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-9075-CAS(RZx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | KENNETH L. TATE V. KAISER FOUNDATION HOSPITALS, ET AL. | | |

### E.  Motion in Limine to Preclude References to any Medical Malpractice Action in Which Defendants Were Named as a Defendant

Defendants move to preclude any references to actions relating to their practice of medicine in which they were previously named as a defendant. While such evidence would not be admissible to show propensity, it could be admissible for another purpose. Fed. R. Evid. 404(b); Donathan, 2009 WL 3584263, at *10-11. Accordingly, this motion is DENIED without prejudice to being renewed on a case by case basis at trial.

### F.  Motion in Limine to Preclude Expert Testimony by Plaintiff

Defendants move to preclude plaintiff from offering any expert testimony. Pursuant to Federal Rule of Civil Procedure 37(c)(1), a party is not permitted to use information or witnesses not disclosed in compliance with a scheduling order unless the failure to disclose was substantially justified or was harmless. Plaintiff has not disclosed any experts, and the deadline for expert disclosure was September 30, 2013. Dkt. #20. Additionally, plaintiff has not set forth a basis for concluding that the failure was substantially justified or harmless. This motion is therefore GRANTED.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |